UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CHERRELLE ROBERTS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 25-12086-DJC** |
| ) | |
| **WHITTIER HEALTH PHARMACY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**CASPER, C.J.**                                               **February 10, 2026**

For the reasons stated below, the Court allows plaintiff's motion for leave to proceed *in forma pauperis*, D. 2, denies the motion for discovery, D. 6, denies the motion for leave to file electronically without prejudice, D. 7, and denies the motion for search and discovery, D. 9. If plaintiff wishes to proceed with this action, the Court allows her until March 10, 2026 to file an amended complaint.

### I.        Background

Cherrelle Roberts ("Roberts") initiated this action by filing a *pro se* complaint. D. 1. With the complaint, Roberts filed an application to proceed in district court without prepaying fees or costs (also referred to as a motion for leave to proceed *in forma pauperis*). D. 2.

The complaint concerns alleged events that occurred while Roberts was a customer and patient at the Whittier Street Health Center ("Whittier Street") in Boston, Massachusetts. Roberts identifies herself as a resident of Massachusetts, D. 1 at ¶ I(A). The complaint identifies the two defendants as a psychiatric nurse practitioner and the pharmacy at Whittier Street. Id. at case caption; ¶ I(B). Roberts has indicated that "federal question" is the basis of jurisdiction for this

action.  Id. at ¶ II.  In identifying the basis for federal question jurisdiction, Roberts states: "Clerks refused assistance – [Defendant] Stephanie [Jackson] gave partial medication, refused increase dispense medication (anxiety) pharmacy refused to correct dosage trazodon." Id. at ¶ II(A).  In support of her claims, she further asserts that "[Defendant] Stephanie [Jackson] refused [to] dispense meds on one date[,] refused appointments[,s] sent medication to different pharmacys (sic) while verbally saying they were downstairs at Whittier [Pharmacy]." Id. at ¶ III.  She makes reference to "personal injury [and] civil rights" in this "Statement of Claim" section which the Court takes to be her assertion of her claims.  Id.  Attached to the complaint are copies of a chain of text communications with [Defendant] [Stephanie] Jackson.  D. 1-3.

Roberts filed two motions "requesting search and discovery."  D. 6, 9.  In these motions, Roberts identifies other cases that she has filed in the District of Massachusetts.  Id.  Among other things, she states that "document(s) submitted at court house were not entered as evidence in cases," D. 6 at 1, and that "a defendant [identified as Posua Nelson] was omitted in actual records presented [in a case before another judicial officer]."  D. 9 at 1.

## II.    In Forma Pauperis

Upon review of Robert's request for leave to proceed *in forma pauperis*, D. 2, the Court concludes that she is without income or assets to pay the filing fee.  The Court, therefore, ALLOWS D. 2 and permits Roberts to proceed *in forma pauperis*.

## III.    Screening of the Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915.  The *in forma pauperis* statute authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to

state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

Additionally, the Court "has an obligation to inquire *sua sponte* into its own subject matter jurisdiction."  McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence."  Calderon–Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).

Because Roberts is proceeding *pro se*, the Court construes her complaint generously.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

## IV.    Analysis

Roberts' complaint fails to comply with the basic pleading requirements of the Federal Rules of Civil Procedure and is subject to dismissal pursuant to 28 U.S.C. § 1915(e).    The complaint does not allege a sufficient factual basis to state a plausible claim for relief and fails to identify the legal basis, statutory, constitutional or common law, for her claims and, at present, her allegations are too vague to survive screening under 28 U.S.C. § 1915(e).

She also has not identified a basis for federal question jurisdiction, which is the basis for subject matter jurisdiction that Roberts has indicated.  Even assuming that Roberts had identified diversity jurisdiction as the basis for subject matter jurisdiction, the Court also is without diversity jurisdiction to entertain Robert's personal injury claim because all the parties are located in

Massachusetts and the amount in controversy does not exceed $75,000.[1]  This Court will not consider Roberts' state law claims because it does not otherwise have proper subject matter jurisdiction.  See 28 U.S.C. § 1367(c); Rodríguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995).

Roberts will be permitted to amend her complaint to conform to the basic pleading requirements of the Federal Rules of Civil Procedure and to cure the pleading deficiencies of the complaint.

## V. Plaintiff May File an Amended Complaint

For the reasons stated above, the Court concludes that Roberts has failed to state a claim upon which relief may be granted.  If she chooses to pursue this action, she must file an amended complaint by March 10, 2026.  The case caption of any amended complaint should clearly name each party she intends to sue.  See Fed. R. Civ. P. 10(a).  The amended complaint must clearly identify each defendant and each defendant's alleged misconduct.  Robers should set forth facts as to who did what to whom, when, where, and why.  In the "Statement of Claim" section of any amended complaint, plaintiff should provide "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought[.]"  Fed. R. Civ. P. 8(a)(1)-(3).  Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances."  See Fed. R. Civ. P. 10(b).

The filing of an amended complaint completely replaces the original complaint.  Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011).  If

---

[1] To establish diversity jurisdiction, plaintiff must assert that the parties are citizens of different states, 28 U.S.C. § 1332(a)(1), and that the amount in controversy in this action exceeds $75,000. 28 U.S.C. § 1332(b).

plaintiff fails to file an amended complaint in accordance with the instructions set forth herein, this action will be dismissed.

### VI.    Conclusion

For the foregoing reasons, it is hereby ORDERED:

1.      The motion for leave to proceed *in forma pauperis*, D. 2, is ALLOWED.

2.      The motion for discovery, D. 6, and motion for search and discovery, D. 9, are DENIED.  For corrections to a particular case docket, Roberts may file a written request for correction in that case.

3.      The motion for leave to file electronically, D. 7, is DENIED WITHOUT PREJUDICE; and

4.      If Roberts wishes to pursue this action, she must, by March 10, 2026, file an amended complaint that cures the pleading deficiencies of the original complaint.  If she fails to do so by this deadline, the Court will likely dismiss this action.

**SO ORDERED.**

 /s Denise J. Casper
Denise J. Casper
Chief United States District Judge